993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darnell AUSTELL, Defendant-Appellant.
 No. 92-1551.
 United States Court of Appeals, Seventh Circuit.
 Argued April 26, 1993.
Decided May 11, 1993.
 
 1
 Before CUDAHY, and EASTERBROOK, Circuit Judges, and GARNETT THOMAS EISELE, Senior District Judge.*
 
 Order
 
 2
 Convicted of bank robbery and of using a firearm in the course of that robbery, Darnell Austell raises two contentions on appeal: that the prosecutor excluded a juror because of race, and that he was not competent when sentenced. The nature of these contentions makes a recitation of the facts of the crime unnecessary.
 
 
 3
 The venire included two black persons. The prosecutor exercised a peremptory challenge against one; the other served on the jury. Austell contends that the exclusion violated the principles of Batson v. Kentucky, 476 U.S. 79 (1986). The district judge required the prosecutor to state a reason for the challenge; the prosecutor replied that the potential juror had two years of legal education and had conducted his banking business at the branch that was robbed. Lawyers and potential lawyers may have their own notions about legal issues, the prosecutor stated, and those who banked at the branch may have had experiences that would affect their assessments of the character and credibility of the witnesses. The district judge accepted these race-neutral reasons, and that decision stands unless clearly erroneous. Hernandez v. New York, 111 S.Ct. 1859, 1871 (1991).
 
 
 4
 Three members of the venire (two white and one black) conducted transactions at the branch in question; the prosecutor excused all three. That is sufficient to support the district judge's conclusion. Austell's lawyer points out that a white lawyer served on the jury, but the prosecutor rejoins that, by the time he was questioned, no peremptory challenges remained. Austell offers no reason to believe that in other cases the prosecutor allows lawyers to serve as jurors when challenges are available to prevent it. Whatever we may think about the prosecutor's reasons, the only question is whether race was among them; the district judge held not, and that decision is not infected by error.
 
 
 5
 Before trial Austell was diagnosed as a paranoid schizophrenic and declared incompetent to stand trial. During custodial treatment, Austell received drugs that enabled him to understand the nature of the proceedings and assist in his defense. He was then declared fit for trial, provided he remained on medication. At sentencing, Austell's lawyer asserting that a person competent only by virtue of drugs is not "really" competent. Almost in passing, counsel observed that Austell was receiving his medication only once a day. The judge then questioned Austell personally; Austell's responses were lucid and demonstrated a grasp of the situation, so the judge proceeded with the sentencing.
 
 
 6
 In this court Austell has dropped the excessive-medication point and stressed the insufficient-medication point. We doubt that it was preserved; the record does not reveal the optimal schedule and the effects of irregular medication. To the extent this contention is properly before us, we believe that the district court dealt with the potential problem appropriately: by finding out directly whether Austell understood the nature of the proceedings. Nothing more was called for.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Of the Eastern District of Arkansas, sitting by designation